**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 05 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK E. PATTERSON; KRIS LYNN-PATTERSON, individuals, | No. 16-16445 |
| Plaintiffs-Appellants, | D.C. No. 1:14-cv-01281-EPG |
| v. | MEMORANDUM[*] |
| AMERICAN ECONOMY INSURANCE COMPANY, a Corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Erica P. Grosjean, Magistrate Judge, Presiding

Submitted November 17, 2017[**]
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and FRIEDMAN,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Paul L. Friedman, United States District Judge for the District of Columbia, sitting by designation.

Appellants Patrick E. Patterson and Kris Lynn-Patterson (Pattersons) appeal the district court's grant of summary judgment in favor of Appellee American Economy Insurance Company (AEIC). We affirm the district court's judgment.

The insurance policy provided that AEIC would compensate the Pattersons for "loss or damage in any one occurrence." The policy declarations contained a Limits of Insurance provision capping losses for "business personal property" at $103,000. The Pattersons sought compensation for several instances of property theft from the same storage facility occurring over the course of several days. The record reflects that the same individual was responsible for the series of thefts. AEIC agreed to pay the maximum $103,000 as provided in the Limits of Insurance provision based on a single occurrence.

Under California insurance law, "when a scheme to steal property is the proximate and continuing cause of a series or combinations of thefts, the losses for liability insurance purposes constitute part of a single occurrence." *Eott Energy Corp. v. Storebrand Int'l Ins. Co.*, 45 Cal. App. 4th 565, 576 (1996) (citations omitted). As a result, the district court correctly concluded that the thefts constituted a single occurrence, and AEIC was not required to provide additional compensation to the Pattersons beyond the policy limits for a single occurrence.

*See id.* The district court properly denied relief on the claim for breach of the insurance contract.

The district court also properly granted summary judgment on the Pattersons' claim for breach of the implied covenant of good faith and fair dealing because AEIC reasonably denied additional compensation for the property theft under California law. *See id.* at 577-78; *see also Tilbury Constructors, Inc. v. State Comp. Ins. Fund*, 137 Cal. App. 4th 466, 475 (2006) (explaining that "there are at least two separate requirements to establish breach of the implied covenant: (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause") (citation omitted).

**AFFIRMED.**